MEMORANDUM **
*759 Petitioner Ajit Singh appeals the decision of the Board of Immigration Appeals (BIA) affirming an Immigration Judge’s (IJ) denial of his claims for asylum, withholding of removal and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We grant in part the petition for review, deny it in part and remand for further proceedings.
The BIA’s determination that an alien is not eligible for asylum must be upheld if supported by reasonable, substantial and probative evidence in the record; reversal should occur only where the evidence is such that a reasonable fact finder would have to conclude that the requisite fear of persecution existed. INS v. Elias-Zacari-as, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); Yazitchian v. INS, 207 F.3d 1164, 1168 (9th Cir.2000). Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. 8 U.S.C. § 1252(b)(4)(B). Credibility determinations are also reviewed for substantial evidence and, thus, must be upheld unless the evidence presented would compel a reasonable fact finder to reach a contrary result, de Leon-Barrios v. INS, 116 F.3d 391, 393 (9th Cir.1997). An adverse credibility determination must be supported by “specific and cogent reasons.” Kin v. Holder, 595 F.3d 1050, 1055 (9th Cir.2010). In pre-REAL ID Act cases, such as this one, the inconsistencies supporting an adverse credibility finding must “go to the heart” of a petitioner’s claim. Id.
“Where the BIA reviews the IFs decision de novo, our review is limited to the BIA’s decision, except to the extent the IFs opinion is expressly adopted.” Cordon-Garcia v. INS, 204 F.3d 985, 990 (9th Cir.2000); see also Hosseini v. Gonzales, 471 F.3d 953, 957 (9th Cir.2006).
Petitioner testified that he was persecuted in India based on his membership in the Akali Dal (Mann) political party. Petitioner claimed that his brother, Geswinder Singh, was also a member of the party and was arrested during a January 1994 police raid of the offices of Today’s Voice, the newspaper at which Geswinder worked. Petitioner stated that Geswinder was never released and that he was not aware whether or not Geswinder was still alive.
In response to Petitioner’s testimony, the Department of Homeland Security (DHS) proffered a United Nations (U.N.) report, which stated,
The following staff members of the Punjab daily Aj Dj Awaz (Today’s Voice) were reportedly arrested on 11 January 1994 following a police raid on the premises of the newspaper: Gurdeep Singh, Malkir Singh, Jasbir Singh Khalsa, Jas-bir Singh Manowan, Debvinder Singh, Amrik Singh, Ajab Singh and Kuldeep Singh.
After the list of names was read at the hearing, the following cross-examination of Petitioner ensued:
Q: Did you hear your brother’s name? A: Yes.
Q: Which name was your brother’s name?
A: Javinder (phonetic sp.)
Q: Sir, I didn’t read the name Javin-der.
A: No, no, no, no, no. Geswinder Singh.
Q: Sir, there is no Geswinder Singh on this list. That’s why I asked you if your brother used any other name. A: I don’t know whether he used-another name or not.
Q: Sir, if your brother used another name don’t you think you’d know?
A: Sometimes the brother does not tell me everything.
*760 The IJ concluded that Petitioner was not credible based on two grounds: (1) the absence of Geswinder’s name in the U.N. report and (2) inconsistencies regarding Petitioner’s contact with his family in India. Notably, the IJ did not disbelieve Petitioner’s testimony about his detention and beating. In affirming the IJ’s adverse credibility finding, the BIA relied solely on the U.N. report. We do not find this reason cogent or sufficient to support a finding that Petitioner was not credible.
It is not clear that Petitioner’s brother’s name was not in the report. When the list was read, Petitioner believed that he had heard his brother’s name, apparently understanding “Debvinder” to be the same as “Geswinder” or “Javinder.” Given potential variations in the English spelling of Punjabi names, Petitioner was not necessarily incorrect. Kaur v. Ashcroft, 379 F.3d -876, 886-87 (9th Cir.2004) (discussing, with approval, petitioner’s argument that a “phonetic transliteration” of a Punjabi name “has many spellings in English, each of which are interchangeably acceptable as the same word or name”), superseded by statute on other grounds, REAL ID Act of 2005, Pub.L. No. 109-13, 119 Stat. 231, as recognized in Singh v. Holder, 602 F.3d 982, 986 (9th Cir.2010). However, the IJ did not inquire into Petitioner’s assertion that his brother’s name was on the list, which itself undermines the adverse credibility finding. See Kaur, 379 F.3d at 887 (“An adverse credibility finding is improper when an IJ fails to address a petitioner’s explanation for a discrepancy or inconsistency.”). Further, the U.N. report could have been inaccurate and incomplete, and Petitioner would have been hard-pressed to prove, more than thirteen years after the raid, that his brother had been arrested. Indeed, the U.N. report did not indicate the source of the names or offer any indication as to the list’s accuracy. Even if Geswinder was not arrested in the raid, Petitioner could have been telling the truth when he said he believed that his brother was. Nothing contradicts Petitioner’s testimony about his own detention and beating. Thus, the U.N. report is not necessarily inconsistent with Petitioner’s testimony. Because the U.N. report does not contradict Petitioner’s testimony, it cannot support the BIA’s adverse credibility finding. Singh v. Ashcroft, 301 F.3d 1109, 1112 (9th Cir.2002). Without a viable reason to support the BIA’s adverse credibility determination, we must accept Petitioner’s testimony as credible. Kaur, 379 F.3d at 890.
Neither the BIA nor the IJ made an explicit finding that, if true, Petitioner’s testimony established past persecution sufficient to support a claim for asylum. Instead, both the BIA and the IJ assumed that Petitioner would be entitled to a presumption that he had a well-founded fear of future persecution, if his testimony were true.
The BIA affirmed the IJ’s decision that evidence of a fundamental change in circumstances in India rebutted this presumption. The IJ relied on State Department and Central Intelligence Agency (CIA) reports. Most specifically, the IJ noted that the Akali Dal (Mann) “is a legal political party in India and continues to run candidates for office.” However, the only apparent basis in the record for the IJ’s statement is the CIA profile of India, which stated that, at around the time of the hearing, the “Shiromani Akali Dal” party held at least four seats in India’s legislature. The profile did not indicate whether these seats were held by the Akali Dal (Mann) party or whether members of that party were subject to persecution. This evidence was not tailored to Petitioner, so the IJ did not make an individualized determination that changed conditions in India would affect Petitioner’s circumstances. Thus, assuming that Petitioner’s *761 credible testimony supported a presumption that he had a well-founded fear of future persecution, DHS did not rebut it. See, e.g., Marcos v. Gonzales, 410 F.3d 1112, 1120-21 (9th Cir.2005); Gonzalez-Hernandez v. Ashcroft, 336 F.3d 995, 997 (9th Cir.2003) (citing Garrovillas v. INS, 156 F.3d 1010, 1017 (9th Cir.1998)).
Petitioner also challenges the denial of his request for relief under the CAT. The BIA summarily affirmed the IJ’s decision that, even if true, Petitioner’s testimony would not establish that it is more likely than not that a government official or person acting in an official capacity would torture him if he returned to India. On appeal, Petitioner does not identify evidence justifying a contrary conclusion.
In sum, we conclude that the BIA’s adverse credibility finding was not supported by substantial evidence and that the evidence supplied by DHS would not have rebutted a presumption that Petitioner had a well-founded fear of future persecution upon return to India. However, the BIA’s denial of relief under the CAT is supported by substantial evidence.
As noted above, neither the BIA nor the IJ expressly ruled on whether Petitioner’s testimony, if credible, supported his claims for asylum and withholding of removal. Accordingly, we grant the petition for review in part and remand Petitioner’s case to determine whether he is eligible for asylum or withholding of removal. See INS v. Orlando Ventura, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (stating that “the proper course, except in rare circumstances, is to remand to the agency for additional investigation”) (citation and internal quotation marks omitted). On remand, Petitioner’s testimony concerning the arrest and disappearance of his brother, Geswinder Singh, shall be deemed credible. The petition for review is denied to the extent that it is based on the denial of relief under the CAT.
PETITION GRANTED IN PART AND DENIED IN PART, AND REMANDED. Costs on appeal are awarded to the petitioner.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.